UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI'S BRIDGE, INC., <br> Plaintiff, <br> v. <br> SOURSE, INC., <br> Defendant. | Case No. 4:24-cv-01913-KAW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** <br><br> Re: Dkt. No. 14 |

On June 3, 2024, Plaintiff Heidi's Bridge, Inc. filed a motion to strike Defendant Sourse, Inc.'s affirmative defenses.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Plaintiff's motion to strike.

## I. BACKGROUND

On March 28, 2024, Plaintiff Heidi's Bridge, Inc. filed a copyright infringement action against Defendant Sourse, Inc., alleging that Defendant displayed a number of Plaintiff's photographs without permission following the expiration of a license. (*See* Compl., Dkt. No. 1.)

On May 20, 2024, Defendant filed an answer, in which it asserted seven affirmative defenses: (1) Failure to State a Claim; (2) No Statutory Damages or Attorneys' Fees; (3) Invalid Copyrights; (4) Laches, Estoppel, and Waiver; (5) Unclean Hands; (6) Fair Use; and (7) Copyright Misuse. (Def.'s Answer, Dkt. No. 13 ¶ 53.)

On June 3, 2024, Plaintiff filed a motion to strike affirmative defenses. (Pl.'s Mot., Dkt. No. 14.) On June 5, 2024, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 14.) No reply was filed, so the motion is fully briefed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedures 8 requires that, when "responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Rule 12(f) provides that, on its own or on a motion from a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Notwithstanding, "[t]he Ninth Circuit has long held that '[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *6 (N.D. Cal. Mar. 26, 2012) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

Motions to strike, however, "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution of the merits." *Barnes*, 718 F. Supp. 2d at 1170 (citation omitted). Thus, once properly pled, a motion to strike an affirmative defense which alleges legal insufficiency will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Barnes*, 718 F. Supp. 2d at 1170 (N.D. Cal. 2010) (quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984)). If a defense is stricken, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak*, 607 F.2d at 826.

"Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

## III. DISCUSSION

An affirmative defense denies "plaintiff's right to recover, even if the allegations of the

2

1  complaint are true." *J & J Sports Prods., Inc. v. Terry Trang Nguyen*, No. C 11-05433 JW, 2012
2  WL 1030067, at *3 (N.D. Cal. Mar. 22, 2012) (citation and internal quotations omitted).  In other
3  words, it is a defense even if the plaintiff can satisfy all elements of their prima facie case. *See id.*
4      Here, Plaintiff argues that all seven affirmative defenses must be stricken because the first
5  three are not affirmative defenses, and the remaining four defenses are insufficiently pled under
6  *Twombly-Iqbal*. (Pl.'s Mot. at 3, 6-8.)  In opposition, Defendant argues that the heightened
7  pleading standard in *Twombly* and *Iqbal* is inapplicable, and that merely identifying the
8  affirmative defenses satisfies the Ninth Circuit's "fair notice" standard. (Def.'s Opp'n at 1.)

    **A.**    ***Twombly-Iqbal* standard does not apply to affirmative defenses.**

10      Courts in this district "have generally applied the *Twombly/Iqbal* pleading standard to
11  striking affirmative defenses." *MLW Media LLC v. World Wrestling Ent., Inc.*, No. 5:22-CV-
12  00179-EJD, 2023 WL 7167117, at *1 (N.D. Cal. Oct. 31, 2023) (citing *Goobich v. Excelligence*
13  *Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685, at *3 (N.D. Cal. Mar. 30, 2020)
14  (collecting cases)).
15      Even so, the Court is more persuaded by the reasoning in *Kanaan v. Yaqub*, which
16  declined to apply *Twombly-Iqbal* to affirmative defenses for textual and pragmatic reasons. No.
17  21-CV-09591-PCP, 2023 WL 8892982, at *2-3 (N.D. Cal. Dec. 26, 2023).  First, the *Kanaan*
18  court found that different requirements for pleading and answering in Federal Rule of Civil
19  Procedure 8 indicate that they should be treated differently. *Id.* at *2.  Rule 8(a)(2) governs
20  pleading standards for claims, and requires the pleader to provide "a short and plain statement of
21  the claim" to "show[] that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).
22  Rule 8(b)(1)(A) only requires that the responding party "state in short and plain terms its defenses
23  to each claim asserted against it," while Rule 8(c)(1) merely requires the responding party to
24  "affirmatively state" its defenses. *Kanaan,* 2023 WL 8892982, at *2 (citing Fed. R. Civ. P.
25  8(b)(1)(A), 8(c)(1)).  Second, as a practical matter, unlike plaintiffs who have substantial time to
26  draft their complaints and can generally freely amend thereafter, defendants only have 21 days to
27  respond and must raise all affirmative defenses in the initial answer or risk waiver. *Id.* at *3.
28  These differences in treatment suggest that a responding party's affirmative defenses should not be

1  held to the heightened pleading requirements of *Twombly-Iqbal.*

2  Accordingly, like the *Kanaan* court, this Court departs from the general consensus in this
3  district and declines to apply *Twombly-Iqbal* to affirmative defenses. Instead, the Court finds that
4  *Wyshak's* fair notice standard applies.

### B. Affirmative defense Nos. 1-3 are improper.

Defenses that "constitute[] a denial of the claims and allegations" are not proper affirmative defenses. *J & J Sports Prods., Inc. v. Terry Trang Nguyen*, No. C 11-05433 JW, 2012 WL 1030067, at *3 (N.D. Cal. Mar. 22, 2012); *see also Barnes,* 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case.") Here, Plaintiff asserts a single claim for copyright infringement, which requires that (1) the plaintiff be the owner of a valid copyright, and (2) that "the defendant copied original expression from the copyrighted work." 17.5 Copyright Infringement, Ninth Circuit Manual of Model Civil Jury Instructions (2024). The following defenses merely deny that Plaintiff can satisfy those elements, and, therefore, constitute a denial of the claims and allegations. Thus, the following defenses must be stricken without leave to amend: (1) Failure to State a Claim, (2) No Statutory Damages or Attorneys' Fees, and (3) Invalid Copyright.

### C. The remaining affirmative defenses do not put Plaintiff on fair notice.

The four remaining affirmative defenses generally consist only of bare statements reciting legal conclusions and fail to provide any facts that explain why each asserted defense is a defense to the copyright infringement claim. (*See* Def.'s Answer ¶ 53.) To the extent that Defendant argues that Plaintiff is aware of the nature of its affirmative defenses, "[t]here is no authority supporting the notion that the opposing party's knowledge of the general facts of the case excuses the omission of factual bases of pleading affirmative defenses." *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-CV-07905-WHO, 2021 WL 2953237, at *6 (N.D. Cal. July 14, 2021).

Accordingly, the remaining affirmative defenses run afoul of Rule 8 and must be stricken, but Defendant is granted leave to amend Defense Nos. 4-7.

4

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike the affirmative defenses is GRANTED. Defense Nos. 1-3 are stricken without leave to amend. The remaining defenses are stricken with leave to amend. Defendant may file an amended answer within 14 days of this order.

IT IS SO ORDERED.

Dated: August 29, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge